# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:07-CV-0021 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **GREEN, et al.,** | : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:07-CV-0022 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ALLEN, et al.,** | : | |
| Defendants. | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Frederick Banks, has filed pro se Bivens[1] styled civil rights actions pursuant to 28 U.S.C. § 1331 in the above-captioned matters. He is currently confined at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"). Named as defendants in both matters are a number of prison officials

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

at plaintiff's former institution of confinement, the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner Low"), as well as prison officials located at plaintiff's other former institution of confinement, the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania.

In the complaint docketed as civil action no. 1:07-cv-0021, plaintiff claims that defendants violated his constitutional rights by confiscating certain private papers, subjecting plaintiff to allegedly needless searches of his person and possessions, and conspiring to have plaintiff placed in more restrictive housing. (1:07-cv-0021, Doc. 1.) In the complaint docketed as civil action no. 1:07-cv-0022, plaintiff contends that defendants at both prison facilities acted as "partners in crime" in their efforts to deny plaintiff his constitutional right to freedom of religion, privacy, and equal protection when they allegedly discriminated against him based on his race and religion. (1:07-cv-0022, Doc. 1.) Presently pending before the court are plaintiff's motions for a transfer from FCI-Yazoo City back to FCI-Butner Low. (1:07-cv-0021, Doc. 22; 1:07-cv-0022, Doc. 19.)[2]

In his motions plaintiff claims that defendants are violating his right to due process under the Fifth Amendment and his First Amendment rights. Specifically, he claims he was originally transferred from FCI-Butner Low to FCI-Yazoo City "because he attempted to establish his religion on the compound at [FCI-Butner

---

[2] Plaintiff's motions were filed as one document with reference to both matters docketed as 1:07-cv-0021 and 1:07-cv-0022. For convenience, in this order the court will address the motions as they pertain to both cases.

2

Low], because he is black and Indian and because of his fiction and poetry writings . . . ." (1:07-cv-0021, Doc. 22 at 1; 1:07-cv-0022, Doc. 19 at 1.)  Plaintiff also claims that his transfer to FCI-Yazoo City is in violation of 18 U.S.C. § 3142(1), (2), & (3).[3] Without relief from the court, plaintiff argues, he will continue to suffer harm at FCI-Yazoo City, "a more punitive facility." (1:07-cv-0021, Doc. 22 at 2; 1:07-cv-0022, Doc. 19 at 2.)

To assert a due process claim here, plaintiff must identify the denial of a liberty interest.  See Sandin v. Conner, 515 U.S. 472 (1995). However, no protected interest in a particular custody status is provided by the Constitution.  E.g., Montanye v. Haymes, 427 U.S. 236, 242 (1976); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989).  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon

---

[3] 18 U.S.C. § 3142, pertaining to release or detention of a defendant pending trial, states, in pertinent part,

> (a) In general. - - Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be - -
> (1) release on personal recognizance or upon execution of an unsecured appearance bond . . . ;
> (2) released on a condition or combination of conditions under subsection (d) of this section;
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion . . . .

18 U.S.C. § 3142(1), (2) & (3).  As plaintiff is not subject to release or detention pending trial, the court fails to understand how this section of title 18 of the United States Code is applicable, and thus, will not address plaintiff's related argument.

3

him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye, 427 U.S. at 242.

It is also well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State"); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("The Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive"). Although these cases addressed the liberty interests of state prisoners in not being transferred, the principles espoused therein also apply to federal prisoners. Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983) (holding, in an action involving transfers of a federal prisoner from one federal prison to another, that no due process claim was stated); Cardenas v. Wigen, 921 F. Supp. 286, 291-92 (E.D. Pa. 1996) (denying petitions for habeas corpus by federal prisoners on grounds that there is no due process interest in a certain custodial classification or in remaining at a particular federal prison); Lee v. Carlson, 564 F. Supp. 1048, 1051 (M.D. Pa. 1983) (holding that "[t]he transfer of a plaintiff from FCI-Memphis to USP-Lewisburg does not raise due process rights"). Further, under the applicable federal statute, the Bureau of Prisons may "at any time" direct transfer of a prisoner from one prison to another without a reason. 18 U.S.C. § 3621(b).

Applying these principles, the court concludes that plaintiff has no liberty interest in his place of confinement. Moreover, he has failed to establish that transfer from his current place of confinement will result in restrictions placed upon him that will impose "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Accordingly, his motions will be denied.

AND NOW, this 6th day of June, 2007, it is hereby ORDERED that:

1. Plaintiff's motions for a transfer (1:07-cv-0021, Doc. 22; 1:07-cv-0022, Doc. 19) are DENIED.

2. The Clerk of Court is directed to docket this order in each of the above-captioned matters.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge