## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:07-CV-0021** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GREEN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

-----------------------------------------------------------------------------

| | | |
|---|---|---|
| | : | |
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:07-CV-0022** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ALLEN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Frederick Banks, has filed pro se Bivens[1] styled civil rights actions

pursuant to 28 U.S.C. § 1331 in the above-captioned matters.  He is currently

confined at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-

Yazoo City").  Named as defendants in both matters are a number of prison officials

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.
388 (1971).  Bivens stands for the proposition that "a citizen suffering a
compensable injury to a constitutionally protected interest could invoke the general
federal-question jurisdiction of the district courts to obtain an award of monetary
damages against the responsible federal official."  Butz v. Economou, 438 U.S. 478,
504 (1978).

at plaintiff's former institution of confinement, the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner Low"), as well as prison officials located at plaintiff's other former institution of confinement, the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania.

In the complaint docketed as civil action no. 1:07-cv-0021, plaintiff claims that defendants violated his constitutional rights by confiscating certain private papers, subjecting plaintiff to allegedly needless searches of his person and possessions, and conspiring to have plaintiff placed in more restrictive housing. (1:07-cv-0021, Doc. 1.) In the complaint docketed as civil action no. 1:07-cv-0022, plaintiff contends that defendants at both prison facilities acted as "partners in crime" in their efforts to deny plaintiff his constitutional right to freedom of religion, privacy, and equal protection when they allegedly discriminated against him based on his race and religion. (1:07-cv-0022, Doc. 1.) Presently pending before the court are plaintiff's motions for reconsideration of the court's order denying his motions for a stay of transfer to another institution. (1:07-cv-0021, Doc. 19; 1:07-cv-0022, Doc. 16.)[2]

In his motions plaintiff claimed that defendants violated his right to due process under the Fifth Amendment by planning to transfer him to a higher security prison. Without relief from the court, plaintiff argued, he would suffer irreparable harm at a higher security prison due to conditions such as metal

---

[2] Plaintiff's underlying motions included motions to stay a transfer and motions for a temporary restraining order and preliminary injunction; however, all motions related to a possible transfer and, thus, the court addressed them simultaneously. (See 1:07-cv-0021, Doc. 15; 1:07-cv-0022, Doc. 14.)

2

detectors, a more restrictive lockdown status, and cells rather than a dormitory-style living arrangement.  By order dated February 13, 2007, the court denied plaintiff's motions, finding that plaintiff has no liberty interest in his place of confinement, and that he failed to establish that transfer from his current place of confinement would result in restrictions placed upon him that will impose "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). (See 1:07-cv-0021, Doc. 15 at 4; 1:07-cv-0022, Doc. 14 at 4.)  Consequently, plaintiff filed the instant motion for reconsideration of the order denying his motions.  After careful review, the court will deny the motions.

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has

3

made an error not of reasoning but of apprehension." <u>Rohrbach v. AT&T Nassau</u>
<u>Metals Corp.</u>, 902 F. Supp. 523, 527 (M.D. Pa. 1995), <u>vacated in part on other</u>
<u>grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting <u>Above the</u>
<u>Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may
not be used as a means to reargue unsuccessful theories, or argue new facts or
issues that were not presented to the court in the context of the matter previously
decided.  <u>Drysdale v. Woerth</u>, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because
federal courts have a strong interest in the finality of judgments, motions for
reconsideration should be granted sparingly."  <u>Continental Cas. Co. v. Diversified</u>
<u>Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, plaintiff claims that he "understands that he has no
'justifiable expectation' to be incarcerated in a particular prison."  (1:07-cv-0021,
Doc. 19 at 1; 1:07-cv-0022, Doc. 16 at 1.)  However, he asserts that in his motions he
was actually arguing that prison officials planned to transfer him in retaliation for
exercising his First Amendment rights.

Applying the standard used when a party seeks reconsideration, the court
concludes that plaintiff has not demonstrated any of the applicable grounds for
reconsideration.  Initially, the court finds no intervening change in controlling law
and no error of law of fact.  Additionally, plaintiff's alternative argument does not
constitute new evidence that was not available when the court entered judgment.
Thus, the court finds no basis to reconsider its finding that plaintiff has no liberty

4

interest in his place of confinement.  To the extent that plaintiff feels his transfer

was retaliatory in nature, plaintiff may file a separate action asserting such claims.

Accordingly, this 7th day of June, 2007, it is hereby ORDERED that plaintiff's

motions for reconsideration (1:07-cv-0021, Doc. 19; 1:07-cv-0022, Doc. 16) are

DENIED.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge