IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:07-CV-0022 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ALLEN, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM

Presently pending before the court is a motion to dismiss the complaint of plaintiff Frederick Banks ("Banks"), filed on behalf of several prison officials from the Federal Prison Camp at Canaan ("FPC-Canaan" or "USP-Canaan") in Waymart, Pennsylvania and the Low Security Correctional Institution in Butner, North Carolina ("LSCI-Butner") (collectively, "defendants").[1] (Doc. 22.) Banks alleges that the named defendants have conspired to deprive him of his constitutional rights. For the reasons set forth below, the motion to dismiss will be granted.

---

[1] Named as FPC-Canaan defendants are Julie Nicklin, camp administrator/executive assistant, and Marc Renda, disciplinary hearing officer. Named as LSCI-Butner defendants are Lieutenants Robert Dobson and Michael Allen.

I.     **Statement of Facts**

Banks' complaint contains forty-two (42) counts against defendants, set forth as Bivens[2] claims, claims under the False Claims Act, a Privacy Act claim, and a claim of conspiracy. The allegations in Banks' complaint relate to events occurring in December 2006 at LSCI-Butner.[3] Banks contends that LSCI-Butner officials discovered that Banks had written an allegedly fictional short story about a female staff member, and, as a result, placed him in administrative detention pending an investigation for "stalking a female staff member." (Doc. 1 at 1-2.) Additionally, Banks alleges that defendants at both LSCI-Butner and FPC-Canaan formed a conspiracy to deny plaintiff his constitutional rights to freedom of religion, privacy, and equal protection when they allegedly discriminated against him based on his race and religion. (Id.)

The record demonstrates that, at the time defendants filed their motion to dismiss, Banks had filed twenty-nine (29) requests for administrative remedy from

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[3] The record indicates that Banks was incarcerated at LSCI-Butner from August 23, 2006, through February 14, 2007. (Doc. 25-2 at 3.) Prior to that location, Banks was incarcerated at FPC-Canaan from October 19, 2005, through August 7, 2006. (Id.) In their motion to dismiss, defendants also address Banks' complaints about his transfer from FPC-Canaan to LSCI-Butner. (See Doc. 25 at 7.) The court has already ruled on Banks' motions for a transfer and, hence, need not address these claims herein. (See Docs. 14 & 23.)

FPC-Canaan and the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), where Banks is currently incarcerated, on various topics and to various levels, including the Northeast Regional, Southeast Regional, and Central Offices.[4] (Doc. 25-2 at 5-22.) None of the requests filed by Banks pertain to his claims in the instant complaint.[5]

### A. Conspiracy

In his complaint, Banks asserts that the defendants from FPC-Canaan and LSCI-Butner were involved in a "conspiracy against Banks." (Doc. 1 at 2.) In support, Banks claims that LSCI-Butner defendants contacted FPC-Canaan defendants to gather information about Banks and his "history as a federal inmate," and "therein concocted a plan to have Banks locked up in the contract they made together." (Id.) He also claims that all defendants conspired against him because of his "class based status in Pennsylvania and North Carolina as an African American and Indian citizen under pain of religious and racial discrimination in accordance

---

[4] Defendants have submitted the declaration of L. Cunningham, supervisory attorney at the United States Penitentiary at Lewisburg, Pennsylvania, which verifies the accuracy of all the administrative remedies pursued by Banks, and the responses thereto, while he was incarcerated in the Bureau of Prisons. (Doc. 25-2 at 3-4.) Also attached as exhibits are the relevant SENTRY computer-generated records of Banks' exhaustion attempts, as well as several detailed requests for remedies and responses thereto. (Id. at 5-22.)

[5] Five of the twenty-nine requests were received by either FCI-Yazoo City Low officials or the Southeast Regional office after December 2006. These requests range in topics such as requests for personal and legal property, requests that "mgtv" be removed, and transfer to a prison camp. (See Doc. 25-2 at 18-20.)

with the contract defendants had together against Banks and that damaged Banks." (Id. at 4.) Banks provides no evidentiary support for these allegations.

   B.   **Placement in the SHU**

Banks claims that defendants retaliated against him for asserting his constitutional rights of religious freedom, privacy,[6] due process, and free speech when they placed him in administrative detention at LSCI-Butner. In support, he asserts that when defendants Allen and Dobson detained him pending an investigation into the subject of his short story, "Allen . . . stated that he and Dobson would lie to make sure Banks went down because the female staff member was white and Banks was just a black boy and Banks' religion as a pagan appalled them." (Doc. 1 at 2.) He also claims that all defendants conspired to confiscate his sacred holy book, "The book of the law," because of his "class based status in Pennsylvania and North Carolina as an African American and Indian citizen." (Id. at 2-3.) Finally, Banks claims that all defendants violated his right to be free from cruel and unusual punishment when they placed him in administrative detention.

---

[6] Banks sets forth a separate claim under the Privacy Act, see 2 U.S.C. § 552a. He claims that defendants "purposely and willfully caused an adverse determination against Banks under the Privacy Act" because he exercised his right to free speech by authoring a fictional short story. (Doc. 1 at 4.) Banks cannot maintain a Privacy Act claim against the named defendants because the Act authorizes claims only against the appropriate federal agency. See Thomas v. Ashcroft, 2006 WL 860136, *4 (M.D. Pa. Mar. 20, 2006).

### C. False Claims Act

Banks asserts counts twenty-one (21) through forty (40) under the False Claims Act ("FCA"), see 31 U.S.C. § 3729 *et seq*. Banks' claim under the FCA is as follows: "By subjecting Banks to the . . . conditions [asserted in the complaint] defendants wilfully, intentionally, knowingly and purposefully infringed on Banks' rights in violation of the False Claims Act because they knew they were being paid by the United States when they were purposely and maliciously violating the constitution and laws of the United States . . . ." (Doc. 1 at 3-4.)

### D. Notice of *Lis Pendens*

Banks contends that a *lis pendens* should be placed upon all defendants pending litigation of this action. Specifically, he argues that the court should recognize liens against the following property belonging to defendants: "air and mineral rights, mine head, swimming pools, real estate, homes, cars, boats, motorcycles, clothing, glasses, electronic equipment, all income past, present and future, paychecks, bonuses, bus passes, uniforms, badges, pants, shirts, undergarments, rings, all jewelry, all cosmetics, food, appliances, telephones, radios, computers, printers, cell phones, mutual funds, investments, stocks, bonds, all property of the spouses, etc." (Doc. 1 at 5.) Banks does not provide evidence of any commercial transactions between himself and any of the defendants. Rather, Banks seeks to have the court hold defendants personally liable for their alleged conduct in performance of official duties; thus, the notice of *lis pendens* will be stricken. See generally Ryan v. Bilby, 764 F.2d 1325 (9th Cir. 1985).

**II.     Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499

6

F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

Defendants have moved for dismissal of Banks' complaint under Federal Rule of Civil Procedure 12(b) on the grounds of: (1) failure to exhaust administrative remedies; (2) failure to state a cause of action with respect to his claims of conspiracy and retaliation; (3) lack of personal jurisdiction over the LSCI-Butner defendants; and (4) injunctive relief requested is moot as Banks is no longer incarcerated at USP-Canaan. Upon consideration of these grounds for dismissal, the court will grant the motion to dismiss for failure to exhaust administrative remedies.

As noted above, defendants first seek to dismiss Banks' complaint on the grounds that Banks failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

The PLRA requires a prisoner to present his claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. Such requirements "eliminate unwarranted federal-court interference with the

administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 2387 (quoting Nussle, 534 U.S. at 525).  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Further, the United States Court of Appeals for the Third Circuit recently stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."  Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential).  In citing to a case from the United States Court of Appeals for the Eighth Circuit, Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003), the Oriakhi court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his Bivens claim.  "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred."  Oriakhi, 165 Fed. Appx. at 993 (quoting Johnson, 340 F.3d at 627-28).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies.  Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).  Failure to exhaust available administrative remedies is an affirmative defense.  Id. at 295 n.9 (noting that defendants may raise failure to exhaust as the basis for a motion to

dismiss). Therefore, it must be pleaded and proven by the defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

An inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*. An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. Id. at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

Defendants claim that the record of Banks' requests for administrative remedies shows that he has not properly exhausted all available administrative remedies with respect to any of his claims, and therefore, the complaint should be dismissed. In fact, defendants argue that Banks has not filed a single grievance relating to any of the alleged claims made in his complaint. In support of this contention, defendants have submitted the SENTRY records indicating other grievances filed by Banks throughout his entire confinement with the BOP. None of those grievances relates to the claims raised in Banks' complaint.

In his brief in opposition to the instant motion, Banks alleges that he has exhausted his administrative remedies because defendants placed him in

administrative detention and "refused to provide Banks with a written notice letting the administrative remedy coordinator [know] that Banks' remedy was only untimely because staff did not provide the remedies and confiscated Banks' property while he was lodged in the hole which contained remedies." (Doc. 27 at 1.) Not only is this statement contradictory, it also appears to address a single grievance filed by Banks (while incarcerated at FCI-Yazoo City) which was found untimely by the Southeast Regional office on April 18, 2007. (See Doc. 25-2 at 19.) The court will not address Banks' exhaustion attempts which have taken place *after* he filed the instant Bivens claim. See Oriakhi, 165 Fed. Appx. at 993.

      Banks also claims that because the administrative remedy related to his freedom of religion claim was partially granted, he was not required "to continue exhausting." (Doc. 27 at 1.) The court has previously addressed this assertion by Banks in Banks v. The Multi-Million Dollar Mistakes of Julie Nicklin, et al., No. 1:06-cv-01549 (M.D. Pa.). In that case, the court found that Banks' failure to comply with the requirements set forth in the BOP's administrative remedy procedure rendered the freedom of religion claim procedurally deficient. (No. 1:06-cv-01549, Doc. 21 at 12-13.) Here Banks seeks to apply the exhaustion attempt referenced in civil case number 1:06-cv-01549 to the claims in the instant complaint. Clearly, the court need not accept this contention in light of its disposition in 1:06-cv-01549.

      In sum, there is nothing in the record to indicate that Banks has exhausted his administrative remedies or that administrative remedies were not "available" to him. See 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)

(asserting that under the PLRA, a prisoner need only exhaust such administrative remedies as are "available").  The record reflects that Banks has failed to exhaust his administrative remedies with respect to the instant claims prior to filing this action.  Consequently, the court will grant defendants' motion to dismiss the complaint, without prejudice to any right Banks may have to assert his claims in a newly filed complaint.[7]

## IV.    Conclusion

For the reasons set forth herein, defendants' motion to dismiss will be granted on the basis of Banks' failure to properly exhaust administrative remedies relating to all claims in the instant action.

An appropriate order will issue.

                                                         S/ Christopher C. Conner
                                                        CHRISTOPHER C. CONNER
                                                        United States District Judge


Dated:          November 29, 2007

---

[7] Because exhaustion of administrative remedies is a threshold issue, there is no need to address defendants' alternative arguments.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:07-CV-0022** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ALLEN, et al.,** | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 29th day of November, 2007, upon consideration of defendants' motion to dismiss the complaint (Doc. 22), it is hereby ORDERED that:

1. Defendants' motion to dismiss is (Doc. 22) is GRANTED without prejudice for failure to exhaust administrative remedies.

2. The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge